```
           FILED          ✓ RECEIVED
           ENTERED          SERVED ON
              COUNSEL/PARTIES OF RECORD

              OCT 0 5 2021

           CLERK US DISTRICT COURT
             DISTRICT OF NEVADA
BY:                             DEPUTY
```

CHRISTOPHER CHIOU
Acting United States Attorney
Nevada Bar Number 14853
JARED L. GRIMMER
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336/Fax: (702) 388-6418
jared.l.grimmer@usdoj.gov
*Attorneys for the United States*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CRISTOBAL OCAMPO-SOLIS,<br>  aka "Jesus Valero Galicia,"<br>  aka "Alberto Bustamonte,"<br>  aka "Jose Delgado-Avalos,"<br>  aka "Jose Guadalupe Delgado-Avalos,"<br><br>Defendant. | Case No. 2:21-mj-00822-DJA<br><br>ORDER **to Extend Deadlines to Conduct Preliminary Hearing and File Indictment (First Request)** |

IT IS HEREBY STIPULATED AND AGREED, by and between Christopher Chiou, Acting United States Attorney, and Jared L. Grimmer, Assistant United States Attorney, counsel for the United States of America, and Rick A. Mula, Assistant Federal Public Defender, counsel for Defendant CRISTOBAL OCAMPO-SOLIS, that the Court schedule the preliminary hearing in this case for no earlier than 90 days from the date of the filing of this stipulation. This request requires that the Court extend two deadlines: (1) that a preliminary hearing be conducted within 14 days of a detained defendant's initial

appearance, *see* Fed. R. Crim. P. 5.1(c); and (2) that an information or indictment be filed within 30 days of a defendant's arrest, *see* 18 U.S.C. § 3161(b).

This stipulation is entered into for the following reasons:

1.  The United States Attorney's Office has developed an early disposition program for immigration cases, authorized by the Attorney General pursuant to the PROTECT ACT of 2003, Pub. L. 108-21.

2.  The early disposition program for immigration cases is designed to: (1) reduce the number of hearings required in order to dispose of a criminal case; (2) avoid having more cases added to the court's trial calendar, while still discharging the government's duty to prosecute federal crimes; (3) reduce the amount of time between complaint and sentencing; and (4) avoid adding significant time to the grand jury calendar to seek indictments in immigration cases, which in turn reduces court costs.

3.  The government has made a plea offer in this case that requires defendant to waive specific rights and hearings in exchange for "fast-track" downward departure under USSG § 5K3.1. This offer will be withdrawn if it is not timely accepted before this matter is indicted and before a preliminary hearing is held.

4.  Under Federal Rule of Criminal Procedure 5.1(c), the Court "must hold the preliminary hearing within a reasonable time, but no later than 14 days after the initial appearance if the defendant is in custody . . . ."

5.  However, under Rule 5.1(d), "[w]ith the defendant's consent and upon a showing of good cause—taking into account the public interest in the prompt disposition of criminal cases—a magistrate judge may extend the time limits in Rule 5.1(c) one or more times . . . ."

6. Furthermore, under the Speedy Trial Act, 18 U.S.C. § 3161(b), "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."

7. Defendant needs additional time to review the discovery and investigate potential defenses to make an informed decision as to how to proceed, including whether to accept the fast-track plea agreement.

8. Accordingly, the parties jointly request that the Court schedule the preliminary hearing in this case no sooner than 90 days from today's date.

9. Defendant is in custody and agrees to the extension of the 14-day deadline imposed by Rule 5.1(c) and waives any right to remedies under Rule 5.1(c) or 18 U.S.C. § 3161(b), provided that the information or indictment is filed on or before the date ordered pursuant to this stipulation .

10. The parties agree to the extension of that deadline.

11. This extension supports the public interest in the prompt disposition of criminal cases by permitting defendant to consider entering into a plea agreement under the United States Attorney's Office's fast-track program for § 1326 defendants.

12. Accordingly, the additional time requested by this stipulation is allowed under Federal Rule of Criminal Procedure 5.1(d).

13. In addition, the parties stipulate and agree that the time between today and the scheduled preliminary hearing is excludable in computing the time within which the defendant must be indicted and the trial herein must commence pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(b) and (h)(7)(A), considering the factors under 18 U.S.C. § 3161(h)(7)(B)(i) and (iv).

14. This is the first request for an extension of the deadlines by which to conduct the preliminary hearing and to file an indictment.

DATED this 5th day of October, 2021.

Respectfully Submitted,

RENE L. VALLADARES  
Federal Public Defender

CHRISTOPHER CHIOU  
Acting United States Attorney

*/s/ Rick A. Mula*  
RICK A. MULA  
Assistant Federal Public Defender  
Counsel for Defendant CRISTOBAL OCAMPO-SOLIS

*/s/ Jared L. Grimmer*  
JARED L. GRIMMER  
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CRISTOBAL OCAMPO-SOLIS,<br>　aka "Jesus Valero Galicia,"<br>　aka "Alberto Bustamonte,"<br>　aka "Jose Delgado-Avalos,"<br>　aka "Jose Guadalupe Delgado-Avalos,"<br><br>　　　　Defendant. | Case No. 2:21-mj-00822-DJA<br><br>ORDER　　on Stipulation to Extend Deadlines to Conduct Preliminary Hearing and File Indictment |

　　Based on the stipulation of counsel, good cause appearing, and the best interest of justice being served; the time requested by this stipulation being excludable in computing the time within which the defendant must be indicted and the trial herein must commence pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(b) and (h)(7)(A), and Federal Rule of Criminal Procedure 5.1, considering the factors under 18 U.S.C. § 3161(h)(7)(B)(i) and (iv):

　　IT IS THEREFORE ORDERED that the preliminary hearing currently scheduled on October 19, 2021, at 4:00 p.m., be vacated and continued to January 10, 2022, at 4:00 p.m., Courtroom 3A.

　　DATED this __8th__ day of October, 2021.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　HONORABLE DANIEL J. ALBREGTS
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE